# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41422
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOEL CUEVAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-525-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Joel Cuevas pleaded guilty to knowingly and intentionally conspiring to transport an undocumented alien within the United States. *See* 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(I), and (a)(1)(B)(i). He argues that the factual basis was insufficient to support his guilty plea because it did not show that he intended to commit a crime when he entered into an agreement with his sister. Because plain error review applies to an unpreserved claim of insufficiency of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the factual basis, Cuevas must show (1) an error or defect; (2) that is clear or obvious and not subject to reasonable dispute; and that (3) affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). If the above showing is made, this court has the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted).

A district court taking a guilty plea must "make certain that the factual conduct admitted by the defendant is sufficient as a matter of law to establish a violation of the statute to which he entered his plea." *Trejo*, 610 F.3d at 313; FED. R. CRIM. P. 11(b)(3). When analyzing the factual basis, the court is required to "determine that the factual conduct to which the defendant admits is sufficient as a matter of law to constitute a violation of the statute." *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc) (internal emphasis and quotation marks omitted). On plain error review, the court can examine the entire record for facts supporting the guilty plea, including the plea colloquy, and can fairly draw inferences from the evidence presented. *Trejo*, 610 F.3d at 317. To prove a criminal conspiracy, the Government has the burden of proving beyond a reasonable doubt that (1) an agreement to violate the law existed and (2) each conspirator knew of, intended to join, and voluntarily participated in the conspiracy. *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013).

Based on the factual stipulation and plea colloquy, the evidence unquestionably showed that Cuevas entered into an agreement to violate the law and that he knew of, intended to join, and voluntarily participated in the conspiracy. *See Chon*, 713 F.3d at 818; *Trejo*, 610 F.3d at 317. At least twice,

No. 16-41422

Cuevas admitted that he had agreed with his sister to transport an illegal alien through the Falfurrias checkpoint. Cuevas has not demonstrated that the district court erred, plainly or otherwise, by determining that a sufficient factual basis supported the guilty plea. *See Puckett*, 556 U.S. at 135; *Trejo*, 610 F.3d at 317. His conviction and sentence are AFFIRMED.